NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0303n.06

No.  08-1866

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 17, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RAYMOND MCMICHAEL, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before:  GIBBONS, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.  Defendant Raymond McMichael pled guilty to one count of conspiring to manufacture and distribute marijuana.  The district court imposed a 17-year sentence, which McMichael now appeals.  We reject his arguments, and affirm.

I.

In 1970, McMichael was arrested while trying to enter the United States from Mexico while carrying eight pounds of marijuana.  He pled guilty to one felony count of failure to pay the transfer tax on marijuana, and received a three-year sentence.  In 1978, President Carter unconditionally pardoned McMichael for the conviction.

Sometime in 2003, McMichael and a few partners commenced a marijuana-growing enterprise that allegedly generated millions of dollars in sales.  Federal agents learned of the enterprise in November 2004 and arrested McMichael shortly thereafter.

The government indicted McMichael under 21 U.S.C. §§ 841 and 846 for conspiracy to manufacture and distribute over 1000 plants of marijuana. Those statutes normally require a 10-year minimum sentence, but the minimum doubles to 20 years if the offender has "a prior conviction for a felony drug offense[.]" *Id.* § 841(b)(1)(A). The government notified McMichael that his 1970 conviction subjected him to the 20-year mandatory minimum. McMichael filed a motion, arguing that his 1970 conviction could not be used to enhance the minimum because he was pardoned for that offense. The district court denied the motion.

McMichael's trial began in May 2005. After three days of testimony, however, he agreed to plead guilty. At his plea hearing, McMichael said that he understood he was facing a 20-year mandatory minimum. He also agreed to waive his right to challenge the government's use of his pardoned conviction to increase his minimum sentence. In return, the government agreed to give McMichael an opportunity to cooperate in an ongoing investigation, and to thereafter consider filing a motion under 18 U.S.C. § 3553(e), which would allow the court to sentence McMichael below the 20-year minimum. After confirming these terms with McMichael, the court accepted his plea.

The government made its § 3553(e) motion at McMichael's sentencing hearing. But the parties disputed the effect of the motion. The government contended that the court could depart below the 20-year minimum based only on factors relating to McMichael's assistance. Accordingly, the government recommended a 17-year sentence—the 20-year minimum minus a three-year reduction for McMichael's cooperation.

In response, McMichael himself said that he was "a little confused right now" because he "thought that the mandatory minimums were gone" as a result of the government's motion. Snt'g

Hr'g Tr. at 14. He also said that "this isn't the way I thought it was" and "now [we are] talking twenty years and I'm just really in shock right now." Snt'g Hr'g Tr. at 15. His attorney then argued that the district court was free to disregard the mandatory minimum altogether, and suggested a sentence within McMichael's otherwise-applicable Guidelines range, which was 87 to 108 months.

The court adopted the government's view of the § 3553(e) motion, concluding that the 20-year minimum remained the baseline for McMichael's sentence. The court granted McMichael a three-year reduction and sentenced him to 17 years' imprisonment.

This appeal followed.

## II.

McMichael argues that he should have received a shorter sentence in light of his age and nonviolent past. But McMichael's statutory minimum precluded consideration of those factors. Contrary to McMichael's arguments at sentencing, § 3553(e) does not eliminate a statutory minimum; it only permits imposition of a sentence below the minimum to reflect the defendant's substantial assistance, not the plenary sentencing factors that a court would normally consider under § 3553(a). *See United States v. Bullard*, 390 F.3d 413, 416-17 (6th Cir. 2004) ("[A] district court may depart below the minimum sentence set by Congress only to reflect substantial assistance by the defendant" (internal quotation marks omitted)). Here, the district court began its analysis with McMichael's 20-year minimum, and then granted a 3-year reduction from that minimum based on the value of McMichael's assistance. That was an entirely proper application of § 3553(e).

Our conclusion, McMichael suggests, renders his guilty plea "involuntary and illusory[.]" Reply Br. at 8. This suggestion is presumably based on the government's statement at his plea

hearing that the § 3553(e) motion would "give the Court the authority to strike the 20 year statutory minimum for purposes of such substantial assistance reduction." Plea Hr'g Tr. at 23. But the only remedy available to McMichael for an involuntary plea would be withdrawal of that plea, and McMichael's counsel expressly disclaimed that remedy at oral argument. We therefore will not review the argument.

McMichael otherwise argues that his pardoned conviction cannot be used to increase his statutory-minimum sentence. But McMichael expressly waived this argument at his plea hearing, so we will not review it. *See United States v. McGilvery*, 403 F.3d 361, 362-63 (6th Cir. 2005).

The district court's judgment is affirmed.