NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0039n.06

No. 10-2098

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jan 11, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| MATTHEW DAVIS HAWN, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: DAUGHTREY, COLE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The Government appeals the sentence that the district court imposed on defendant Matthew Hawn after Hawn pled guilty to being a felon in possession of a firearm. Since Hawn had three prior violent felony convictions, he was subject to a 180-month statutory mandatory minimum. The Government, however, moved for a downward departure below the minimum based on Hawn's substantial assistance to law enforcement. The district court granted that motion and accepted the Government's recommendation for a two-level downward departure. The district court, however, further reduced Hawn's sentence by granting his motion for a downward variance based on the 18 U.S.C. § 3553(a) factors. Ultimately, the district court sentenced Hawn to 12 months and one day imprisonment.

In granting the Government's substantial assistance motion, the district court miscalculated the downward departure. Moreover, after granting the Government's substantial assistance motion

and departing downward, the district court lacked the authority to reduce Hawn's sentence further by granting his motion for a downward variance.

I.

In April 2009, the FBI's Joint Terrorism Task Force began an investigation into Cory Traxler's ties with White Pride Michigan, a white supremacist group. In October 2009, Traxler consented to a search of his personal computer and digital camera and the FBI found photographs and movies depicting Traxler wearing a mask and possessing firearms. One of the movies showed Traxler shooting at a picture of President Obama. The FBI learned through a witness that Hawn videotaped this incident and that Traxler used the tape to create an advertisement for the white supremacist movement.

In an interview with federal agents, Hawn admitted that he videotaped Traxler shooting at the picture of President Obama. Hawn also admitted that he participated in the shooting for approximately twenty to thirty minutes and that he fired the Glock handgun depicted in the video. According to the Government, two eyewitnesses also reported that Hawn shot at the picture of President Obama.

In February 2010, a federal grand jury indicted Hawn, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Hawn agreed to plead guilty to the charge. Since Hawn had three prior violent felony convictions—two for breaking and entering unoccupied buildings and one for assault with a dangerous weapon arising from a bar fight in which Hawn hit a victim with a beer mug—the Armed Career Criminal Act (ACCA) triggered a 180-month mandatory minimum sentence. The ACCA imposes a mandatory 180-month prison term on a

defendant convicted of violating 18 U.S.C. § 922(g) if he has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The Presentence Report (PSR) recommended a total offense level of 30 and a criminal history category of IV, resulting in a recommended guidelines range of 135 to 168 months' imprisonment. However, pursuant to § 5G1.1 of the federal sentencing guidelines, the 180-month mandatory minimum became the guideline range. Section 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Neither party objected to these calculations.

Prior to sentencing, the Government filed a motion, pursuant to 18 U.S.C. § 3553(e), for a release of the mandatory minimum and a two-level downward departure based on Hawn's substantial assistance to law enforcement. Hawn then filed a sentencing memorandum and motion for a downward variance based on the 18 U.S.C. § 3553(a) factors. Hawn argued that "the government has made [a] motion for a downward departure to release the mandatory minimum. This release takes the mandatory minimum off the table and allows the court to fashion a sentence that is sufficient but not greater than necessary to comply with § 3553(a)."

At the sentencing hearing, the district court first granted the Government's § 3553(e) substantial assistance motion. In calculating the downward departure, the district court started at offense level 30 (135 to 168 months) and moved to offense level 28 (110 to 137 months). The Government objected to this calculation, arguing that since the 180-month mandatory minimum

became the guideline range, the district court should have started at the mandatory minimum, which

the Government says corresponds to offense level 32 (168 to 210 months), and moved to offense

level 30 (135 to 168 months).  The district judge overruled the Government's objection, but

acknowledged that "I don't know if I'm right about that.  The government may well be right."

The district court then considered Hawn's motion for a downward variance.  Hawn argued

that, in addition to granting the Government's motion for a downward departure, the district court

also had the authority to vary downward based on its consideration of all of the § 3553(a) factors.

According to Hawn,

> once the government released the mandatory, the statutory minimum of 15 years, that
> at that point in time it seems to be almost folly not to allow the Court to review the
> entire case for purposes of the advisory guidelines.  I would suggest that this Court
> has the opportunity and the power in this case to review all of the 3553(a) variance
> factors . . . .  The idea that the downward departure is limited to [Hawn's] substantial
> assistance to the government seems to completely ignore the concept that the
> mandatory minimum has been released.  [Hawn] should then be free to be looked at
> for all other factors . . . .

The Government, on the other hand, argued that the district court was bound by the 180-month

mandatory minimum, less any downward departure based solely on the extent of Hawn's substantial

assistance.  The district judge then said, "I do not agree with the government that I am at all

prevented from varying under the statute based on the statutory factors."

The district court considered the § 3553(a) factors in order to fashion a sentence that was

"sufficient but not greater than necessary to comply with the purposes of Section 3553(a)."  First,

the district court considered the nature and circumstances of the offense, characterizing it as "very,

very, very low on the scale of seriousness" and recognizing that Hawn did not own the firearm and

only possessed it for a short time. Second, the district court considered Hawn's history and characteristics, noting that Hawn "has his GED. He's a state certified automobile mechanic, and he has worked in that profession his entire adult life, and he's also done some factory work." The district court also said that Hawn "does not fit the common pattern of an armed career criminal." Third, the district court acknowledged the need for the sentence imposed to promote respect for the law and to provide just punishment. Fourth, the district court considered the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of Hawn, but found that the Government has not "shown anything that would suggest that Mr. Hawn poses a threat, that he needs to be deterred." Fifth, the district court found that Hawn did not need any specific educational, vocational, or medical treatment. Finally, the district court considered the need to avoid unwarranted sentence disparities and noted that Traxler, who also pled guilty to being a felon in possession of a firearm, was "the main character in this drama," and he received a sentence of 60 months' imprisonment. The district court added that although Traxler's case is on appeal, "certainly nobody disputes that he is the more serious of the three men who were involved in this episode." The district court then balanced the foregoing factors and sentenced Hawn to imprisonment for 12 months and one day.

The district court then asked the parties if there were any legal objections to the sentence imposed. The Government objected "to the Court's variance below the mandatory minimum for reasons other than defendant's substantial assistance." The district court noted the objection and concluded the hearing.

The Government filed a timely notice of appeal.

II.

As an initial matter, in granting the Government's substantial assistance motion, the district court miscalculated the downward departure. The district court acted within its authority by granting the Government's motion and finding that a two-level departure below the minimum was warranted based on Hawn's substantial assistance. *See United States v. McMichael*, 377 F. App'x 529, 531 (6th Cir. 2010). However, as the Government argues and Hawn concedes, the district court should have started at the 180-month statutory minimum and departed downward from there based on its own valuation of Hawn's substantial assistance, rather than starting at the guidelines range of 135 to 168 months that would have applied in the absence of the minimum. *See United States v. Turner*, 2011 WL 3835642, at *4 (6th Cir. 2011) (citing *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002)).

The district court also exceeded its authority by varying further below the minimum based on the § 3553(a) factors, without mentioning whether or how these factors related to or gave context to Hawn's substantial assistance. The Government's substantial assistance motion did not eliminate the 180-month statutory minimum; it only gave the district court the limited authority to impose a sentence below the minimum to reflect Hawn's substantial assistance. *See McMichael*, 377 F. App'x at 531 (citing *United States v. Bullard*, 390 F.3d 413, 416-17 (6th Cir. 2004)). This court has repeatedly "rejected the notion that factors not related to cooperation may be considered in connection with a § 3553(e) motion." *United States v. Grant*, 636 F.3d 803, 813-14 (6th Cir. 2011) (citing *Bullard*, 390 F.3d at 416). Moreover, the Government's substantial assistance motion did

not "'open[ ] the door for the court to consider other factors, unrelated to assistance to the government.'" *Bullard*, 390 F.3d at 416 (quoting *United States v. Chestna*, 962 F.2d 103 (1st Cir. 1992)). In fact, this court has explicitly said that a § 3553(e) motion does not allow a district court to consider "the plenary sentencing factors that a court would normally consider under § 3553(a)." *McMichael*, 377 F. App'x at 531. In sum, the district court only had the limited authority to impose a sentence below the statutory minimum to reflect Hawn's substantial assistance and it exceeded that authority by varying further below the minimum for reasons other than Hawn's substantial assistance. Therefore, we must vacate Hawn's sentence and remand the case for resentencing.

At resentencing, the district court will only have the limited authority, pursuant to § 3553(e), to impose a sentence below the 180-month statutory minimum to reflect Hawn's substantial assistance. That being said, the district court has the "broad discretion" to consider a number of contextual factors in determining the value of Hawn's assistance and thus, the extent of the downward departure. *Grant*, 636 F.3d at 816-17. As we recently said in *Grant*:

> Determining the extent to which a sentence should be reduced would, as a matter of course, include consideration of the defendant's activities on behalf of the government and how much his assistance helped in the investigation or prosecution of another. But the extent of the reduction might be tempered by other factors affecting the valuation. The district judge might wish to consider the context . . . in valuing the assistance. For example, a district court might recognize that a defendant's assistance is of extremely high value but also recognize that fully valuing the cooperation would give the defendant a sentence much lower than co-defendants who were far less culpable. Giving a lesser reduction under these circumstances might well be warranted. Similarly, if the defendant was among the least culpable in a multi-defendant case, his extremely valuable assistance could be fully rewarded. Another typical situation involves consideration of a defendant's capacity for abiding by the law. A defendant whose prior criminal activity is non-existent or not too serious could be fully rewarded for his valuable assistance, while the valuable cooperation of a defendant who is a threat to society might not be rewarded quite so

highly.  And, finally, a district judge might properly consider a sentence below a certain point inappropriate for a defendant convicted of a heinous crime, and thus value his cooperation less, while the equivalent cooperation of a defendant who is not a threat to society could be fully valued.  These sorts of contextual considerations have traditionally been considered by district courts in determining the value of cooperation and the extent of any reduction under § 3553(e) and § 5K1.1.

The appropriate balancing of the determinative factors tied to a defendant's substantial assistance is within the sound discretion of the district court and often arises from the specific context of each case.  Assigning a number of years or months in prison to a defendant's cooperation is not a task that can be carried out with mathematical certainty.  One district judge might decline to consider the contextual factors we mention; another might deem them useful.  The choice is that of the district court. . . . [D]istrict judges are fully capable of weighing the contextual factors we mention, as appropriate, and ultimately arriving at a conclusion as to the extent of any reduction.

. . . .

. . . Although there is an obvious overlap between some of the factors we view as appropriate aspects of valuing the assistance given and the § 3553(a) factors, mingling the terminology of § 3553(a) with the concept of valuation of assistance . . . does not reflect . . . the ways that district courts have traditionally evaluated a defendant's substantial assistance. Moreover, a focus on § 3553(a) as a starting point for analysis clouds the analytical exercise that the district court must undertake, which is to determine whether the defendant is entitled to a reduction for substantial assistance and, if he is, the extent of the reduction.[1]

*Id.* at 817-18.  Ultimately, although the Government recommended a two-level downward departure,

"the district court need not follow the recommendation.  The district court is free to give a lesser *or*

*greater* reduction than [that] recommendation."  *Id.* at 816 (emphasis added).  The important point

---

[1] Although *Grant* was decided in the context of a Rule 35(b) motion, the court noted that it continues "the longstanding practice of interpreting the rule in lockstep with § 3553(e)."  *Grant*, 636 F.3d at 815.  Therefore, as the Government concedes, the court's analysis in *Grant* is equally applicable to its § 3553(e) substantial assistance motion filed in this case.

is that the value of Hawn's substantial assistance is the "governing principle" in the district court's exercise of its discretion, "and the reduction may not exceed the value of the assistance." *Id.*

III.

For the foregoing reasons, we vacate Hawn's sentence and remand the case to the district court for resentencing in accordance with this opinion.