*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 12a0250p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

        *Plaintiff-Appellant,*

        *v.*

No. 10-1699

LAVONE ALFORD WILLIAMS,

        *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 09-00185-003—Gordon J. Quist, District Judge.

Argued: March 7, 2012

Decided and Filed:  August 7, 2012

Before:  KEITH, BOGGS, and MOORE, Circuit Judges.

_____

### COUNSEL

**ARGUED:** John C. Bruha, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellant.  Daniel R. Fagan, DANIEL R. FAGAN & ASSOCIATES, P.C., Grand Rapids, Michigan, for Appellee.  **ON BRIEF:** John C. Bruha, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellant.  Daniel R. Fagan, DANIEL R. FAGAN & ASSOCIATES, P.C., Grand Rapids, Michigan, for Appellee.

_____

### OPINION

_____

BOGGS, Circuit Judge.  The Government appeals LaVone Williams's forty-eight-month sentence for conspiracy to possess with the intent to distribute, and conspiracy to distribute, fifty grams or more of cocaine base.  Before sentencing, the Government moved for a downward departure of two offense levels, pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1, thus allowing a sentence below the statutory

1

minimum because of Williams's substantial assistance. The district court determined that the value of Williams's assistance warranted a downward departure of three offense levels. It then varied further downward because of a policy disagreement with the then-applicable crack-cocaine Sentencing Guidelines. The Government contends that this second downward variance was improper. We agree. Like every other circuit to consider the issue, we hold that the only permissible basis for a below-minimum sentence is the defendant's substantial assistance. We vacate the current sentence and remand for proceedings consistent with this opinion.

I

LaVone Williams pleaded guilty to a charge of conspiring to possess with intent to distribute, and conspiring to distribute, fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). As part of his plea agreement, he agreed to cooperate with the Government. The mandatory minimum sentence for Williams's offense was ten years, or 120 months, of imprisonment. Williams had an offense level of twenty-seven and a criminal-history category of III, for a Guidelines range of 87–108 months of imprisonment. However, because the mandatory minimum sentence for Williams's offense was 120 months of imprisonment, the district court calculated his offense level as twenty-eight. ("[T]he rule in the Sixth Circuit is on downward departures you start with the mandatory minimum, so then you look at the lowest level that gets you into [a] 120 [month sentence]. That's 28.").

Before sentencing, the Government moved for a downward departure of two offense levels, pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1, because of Williams's substantial assistance. The district court granted the Government's motion, departing downward by three levels, one level more than the Government had requested. Williams's offense level, now adjusted to reflect his substantial assistance, was twenty-five. His new Guidelines range was 70–87 months.

After the district court determined Williams's new, below-minimum, offense level, it allowed defense counsel to argue for a variance, based on the then-applicable crack-cocaine to powder-cocaine sentencing disparity. Ultimately, the district court

imposed a sentence of 48 months of imprisonment, five years of supervised release, and a special assessment of $100.  The court expressly acknowledged that, in imposing the sentence, it was "taking now the [crack-cocaine to powder-cocaine] disparity into consideration."

> The Government objected.  It suggested:

> Since the only basis for releasing the mandatory minimum and the only basis for a downward departure under 5K1.1 is substantial assistance, once the government files such a motion to release the mandatory minimum, I'm not sure that that allows the Court to vary on other grounds.  So I guess the government would have to preserve an objection in this case to a variance based on something other than substantial assistance.

The court responded: "Okay.  That's fine.  That's a good question.  I don't know the answer to it."  Defense counsel suggested that the sentence imposed was appropriate, and expressed concern that the appeals court might "tie [the district court's] hands.  He suggested, therefore, that the district court could "grant a greater 5K [variance based on substantial assistance] to achieve the same end."  The district court rejected defense counsel's proposal.  It told counsel: "we try not to cheat that way," and entered judgment. The Government appeals.

II

"Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."  18 U.S.C. § 3553(e).  Any such sentence must "be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission."  *Ibid.*; *see also* USSG § 5K1.1 (policy statement governing reduction of sentence based on substantial assistance).  At sentencing, the district court may impose a sentence below the relevant statutory minimum only when the government makes a motion under § 3553(e).  *Melendez v. United States*, 518 U.S. 120, 125–26 (1996) ("§ 3553(e) requires a Government motion requesting or authorizing the district

court to impose a sentence below a level established by statute as minimum sentence before the court may impose such a sentence.").

We, along with our sister circuits, have consistently held that "only factors relating to a defendant's cooperation may influence the *extent* of a departure pursuant to § 3553(e)." *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004) (collecting cases from First, Fourth, Seventh, Ninth, Tenth, and Eleventh Circuits) (internal quotation marks and alterations omitted); *see also United States v. Winebarger*, 664 F.3d 388, 396 (3d Cir. 2011) ("We note that every circuit court of appeals to address the issue we face today has held that a court may not use factors unrelated to a defendant's assistance to the government in reducing the defendant's sentence below the statutory minimum.") (collecting cases). We have recently and repeatedly reaffirmed this view in our unpublished opinions, reasoning that "Congress gave district courts limited authority to impose a sentence below a statutory minimum in order to reflect a defendant's substantial assistance, [and] this downward departure must be based *solely* upon the substantial assistance rendered by the defendant." *United States v. Turner*, 436 F. App'x 582, 586 (6th Cir. 2011) (internal quotations marks omitted). A district court, we explained, would "exceed[] its limited authority under § 3553(e)" if it "depart[ed] downward based on a non-substantial-assistance factor." *Ibid.*; *see also United States v. Hawn*, 446 F. App'x 793, 796–97 (6th Cir. 2012) ("[T]he district court only had the limited authority to impose a sentence below the statutory minimum to reflect Hawn's substantial assistance and it exceeded that authority by varying further below the minimum for reasons other than Hawn's substantial assistance."); *United States v. Harris*, 429 F. App'x 543, 547 (6th Cir. 2011). Accordingly, we have "repeatedly rejected the notion that factors not related to cooperation may be considered in connection with a § 3553(e) motion." *Hawn*, 446 F. App'x at 796.

Because the district court did not adhere to this principle, it erred. At sentencing, the district court calculated the value of Williams's assistance as three offense levels. Then, it varied below the already-reduced range because it disagreed with the crack-cocaine to powder-cocaine ratio. (court was "taking . . . the [crack-cocaine to powder-

cocaine] disparity into consideration"). In so doing, it plainly "exceeded its limited authority under § 3553(e)." *Turner*, 436 F. App'x at 586.

This does not mean that context has no role to play in the § 3553(e) analysis. Quite the contrary. As we explained in *United States v. Grant*, 636 F.3d 803, 817 (6th Cir. 2011) (en banc), the district court may take "contextual considerations" into account when determining the value of the defendant's assistance. But "[t]he value of the substantial assistance is the governing principle in this exercise of discretion, and the reduction may not exceed the value of the assistance." *Id.* at 816. When the Government waives a statutory minimum, pursuant to § 3553(e), the district court has wide discretion to impose the sentence that it believes is appropriate, given the context. But that discretion is not altogether unbridled: the district court may not consider factors unrelated to the value of the defendant's substantial assistance. Here, the district court took its disagreement with the crack-cocaine to powder-cocaine sentencing ratio into account after it determined the value of Williams's assistance. It erred.

Williams advances four contrary arguments. None is persuasive. First, Williams claims that we may not review the district court's decision because it involves "the extent of a downward departure." Appellee's Br. at 12. In the abstract, Williams is correct: we generally do not review the extent of a downward departure under § 3553(e). *Bullard*, 390 F.3d at 415. This point, however, is irrelevant. The downward departure itself is not the subject of the Government's appeal. Rather, the Government challenges the district court's taking factors other than substantial assistance into consideration when imposing a sentence lower than the statutory minimum. Appellant's Reply Br. at 1. Review of this issue is available, *de novo*. *Bullard*, 390 F.3d at 415.

Williams next claims that, even if we may review the district court's decision, the sentence should stand. He argues:

> in spite of the *Grant en banc* majority opinion, *Booker* still suggests that a sentencing court should be able to consider all of the 18 U.S.C. §3553(a) factors to fashion a sentence . . . once a mandatory minimum sentence has been released.

Appellee's Br. at 13–14. To support this conclusion, he cites Judge Merritt's concurring opinion in *Grant*, which interprets the majority opinion as holding that district courts have "wide discretion to go above or below the government's recommendation in substantial assistance cases." *Grant*, 636 F.3d at 819. This language, Williams reasons, "seems to be sanctioning the very step taken by the Sentencing Judge in the instant case." Appellee's Br. at 15.

Williams's argument is unpersuasive. First, "'[n]othing in the reasoning of *Booker* expands the authority of a district court to sentence below a statutory minimum,'" *United States v. Johnson*, 580 F.3d 666, 673 (7th Cir. 2009) (quoting *United States v. Williams*, 474 F.3d 1130, 1132 (8th Cir. 2007)), for "[i]t is not the Guidelines that prohibit the court from considering other factors, it is the statute." *Ibid.* Therefore, "the remedial holding of *Booker* does not impact the pre-existing limitations embodied in § 3553(e)," *Williams*, 474 F.3d at 1132, which specifically limits the authority to go below a mandatory minimum "so as to reflect a defendant's substantial assistance," 18 U.S.C. § 3553(e).

Judge Merritt's *Grant* concurrence does not counsel a different result. The majority opinion in *Grant* squarely holds: "The value of the substantial assistance is the governing principle in [the district court's] exercise of discretion, and *the reduction may not exceed the value of the assistance.*" *Grant*, 636 F.3d at 816 (emphasis added).[1] Judge Merritt simply pointed out that a district court after *Grant* could do precisely what the district court did here: impose a below-minimum sentence lower than the below-minimum sentence the Government requested in its § 5K1.1 motion. Judge Merritt's concurrence does not, however, suggest that a district court has *carte blanche* to consider anything it would like, once the government waives the statutory minimum by making a § 5K1.1 motion.

Third, Williams suggests that *Pepper v. United States*, 131 S. Ct. 1229 (2011), supports his sentence. In *Pepper*, the Supreme Court held: "when a defendant's sentence

---

[1] *Grant* involved a Fed. R. Crim. P. 35(b) motion. It recognized, though, that Rule 35(b) and the provisions involved in this case are "interpret[ed] in lockstep." *Grant*, 636 F.3d at 815.

has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation and . . . such evidence may, in appropriate cases, support a downward variance from the now-advisory Federal Sentencing Guidelines range." *Id.* at 1236. Williams argues that *Pepper* supports his sentence because "once the downward departure has been granted and the mandatory minimum has been breached, it is *necessary* for the sentencing judge to do justice, whether it is in considering post-sentencing rehabilitation or other factors such as the court did in this case." Appellee's Br. at 18 (emphasis in original). *Pepper*, though, involved a guidelines sentence, not waiver of a statutory minimum, and dealt with re-sentencing, not sentencing in the first instance. At most, it suggests a tendency to allow courts to consider more, rather than less, information when making sentencing decisions. It certainly does not compel us to ignore clear precedent, from our circuit and others, holding that a district court may not consider factors other than the value of substantial assistance when sentencing below a statutory minimum, pursuant to § 3553(e).

Finally, Williams argues that "[i]t would be wrong for Appellee, whose guidelines were driven by pre-Fair Sentencing Act ratios to be required to be re-sentenced today based upon old Guideline ranges that have now been determined to be unfair." Appellee's Br. at 19. In light of the Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), pre-Fair Sentencing Act law may or may not apply at a resentencing proceeding. We express no opinion on the issue, and the district court is free to resolve it in the first instance on remand.

III

Clear precedent from our circuit and elsewhere dictates that the district court erred by considering factors other than substantial assistance when imposing a sentence below the statutory minimum, pursuant to § 3553(e). We VACATE Williams's sentence and REMAND for further proceedings consistent with this opinion.