MERRITT, Circuit Judge,
concurring.
I agree with the court that United States v. Williams, 687 F.3d 283 (6th Cir.2012), binds us to a strict rule in these substantial assistance cases that a defendant’s rehabilitation, family circumstances, and the collateral consequences of a sentence on a defendant’s minor children may not be taken into account. But the sentencing judge has made it very clear that a 57-month sentence is much longer than necessary to do justice in this case. Under the Guidelines the power to do justice has been removed from judges and vested in the prosecutor, a party to the case, and the prison authorities. No argument is offered in this case that this removal of authority over sentencing from judges violates Article III.
The only solution in this case is administrative. The Department of Justice and the Bureau of Prisons could make an exception in this case and work out a reduced sentence or a halfway house or home-confinement solution. The record bears out the district court’s views that it would be a mistake to remove the defendant from his home community, his job, his income, and his parental responsibility for more than a few months. The system’s inability to work out a solution of this kind is counter-productive and probably gives rise to increased recidivism. I hope that the executive branch of the ‘ government will try to work out a sensible solution to the problem in cases of this kind where the hands of the judicial branch are tied.