NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0667n.06

No. 16-5214

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Dec 13, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| MARK ANTHONY EVANS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: CLAY, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Mark Evans appeals his sentence for passing counterfeit money in violation of 18 U.S.C. § 472. He argues that his above-Guidelines sentence was substantively and procedurally unreasonable. We reject his arguments and affirm.

I.

This case involves Evans's second federal conviction for counterfeiting. In 2009, Evans and his girlfriend used a color copier and resume paper to create $16,000 in counterfeit bills. Evans pled guilty to counterfeiting money in violation of 18 U.S.C. § 471. The district court sentenced him to 15 months' imprisonment followed by three years' supervised release. Less than a year into his supervised release, however, Evans was arrested in connection with another counterfeiting scheme. The district court revoked his supervised release and sentenced him to an additional 24 months' imprisonment.

Evans finished his second prison term, but soon went back to counterfeiting. Within months of his release, he was indicted on nine counts of counterfeiting charges in Georgia state court. A month later, he was indicted on ten counts of counterfeiting charges in Tennessee state court. In April 2015, while these charges were pending, Evans and his wife used a color copier to print another $20,100 in fake hundred-dollar bills, which he then passed at Wal-Mart. For that crime, Evans pled guilty in this case to passing counterfeit money in violation of 18 U.S.C. § 472.

At sentencing, the district court initially determined that Evans's Guidelines range was 24 to 30 months. But the court decided that several facts warranted an upward departure from that range, notably that Evans resumed counterfeiting almost immediately after he had served three years in prison for that same conduct. The court also cited Evans's long and persistent criminal history, which dated back to his teenage years. Hence, the court found that the need to deter Evans from committing further crimes, especially counterfeiting crimes, warranted an above-Guidelines sentence of 48 months. This appeal followed.

## II.

Evans challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). A sentence is substantively unreasonable when a district court "selects it arbitrarily, fails to consider pertinent factors in 18 U.S.C. § 3553(a), or gives unreasonable weight to any one factor." *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011).

Evans argues that the district court gave unreasonable weight to his prior federal conviction for counterfeiting, given that his criminal-history score already accounted for all of his past convictions. But the Guidelines expressly permit an upward departure when, among

-2-

other things, a defendant's criminal-history score underrepresents "the likelihood that he will commit other crimes." U.S.S.G. § 4A1.3(a). Moreover, that a circumstance was addressed in the Guidelines does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to the defendant's sentence. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011). And a district court may impose a longer sentence when necessary to further a statutory purpose of sentencing, such as deterrence. *See* 18 U.S.C. § 3553(a)(2)(B). Thus, we have upheld above-Guidelines sentences where shorter ones have previously failed to deter a defendant from committing the same kind of crime. *See, e.g.*, *United States v. Alexander*, 2016 WL 3743194 (6th Cir. July 12, 2016); *United States v. Polihonki*, 543 F.3d 318, 325-26 (6th Cir. 2008).

Here, Evans's criminal-history score did not account for how similar his second counterfeiting conviction was to his first, or how quickly he resumed counterfeiting after being released from prison for that same crime. The district court's sentence did account for those things, as the court itself explained when imposing it. And the court further observed that Evans's criminal history included more than a dozen convictions over a span of fifteen years, only three of which added points to his criminal-history score. *See* U.S.S.G. §§ 4A1.1, 4A1.2. The court therefore had good reasons to impose an above-Guidelines sentence.

Those same reasons refute Evans's argument that his sentence will be much higher than the sentences of defendants with similar criminal histories. Moreover, Evans offers no empirical basis for that assertion; and above-Guidelines sentences for repeat offenses are hardly unusual. *See, e.g.*, *United States v. Tristan-Madrigal*, 601 F.3d 629, 635-36 (6th Cir. 2010) (drunk-driving convictions); *Polihonki*, 543 F.3d at 326 (supervised-release violations).

Evans also argues that the district court put too little weight on aspects of his "history and characteristics" that he sees as mitigating. 18 U.S.C. § 3553(a)(1). But the court extensively considered Evans's mental health and drug treatment needs, acknowledged its duty not to inflate his sentence in pursuit of rehabilitation, and imposed conditions of supervised release designed to encourage him to seek treatment for his drug addiction. In doing so, the court expressly considered that Evans had a good childhood with no history of physical abuse, that he had recently married, and that he had three children. The court also acknowledged that Evans had recently lost his job due to circumstances beyond his control, and that persons addicted to drugs, like Evans, face "major problems providing for their family." Sentencing Tr. at 8, 14. Yet the court was required to weigh these factors against other § 3553(a) factors, such as the need to deter crime and to promote respect for the law. *See* 18 U.S.C. § 3553(a); *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Given the factors that supported a longer sentence for Evans, the sentence chosen by the court reflected a permissible balance of the § 3553(a) factors.

Finally, Evans argues that his sentence was procedurally unreasonable because, he says, the district court did not adequately explain its reasons for an above-Guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 50 (2007). Evans failed to raise this objection at sentencing, so we review only for plain error. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). The district court gave several reasons for an above-Guidelines sentence here: Evans's long criminal history, his serial counterfeiting offenses, and his refusal to be deterred by shorter sentences. And Evans himself does not offer any developed argument as to why the district court's explanation of its reasons amounted to plain error. Evans's sentence was procedurally reasonable.

The district court's judgment is affirmed.