NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0458n.06

No. 12-1072

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 9, 2013
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| RAYMOND R. MCMICHAEL, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| *Defendant-Appellant*. | ) | **O P I N I O N** |

BEFORE:     BOGGS and COLE, Circuit Judges; QUIST, District Judge.[*]

COLE, Circuit Judge.  Defendant-Appellant Raymond McMichael appeals the 150-month prison sentence imposed by the district court on January 4, 2012, at McMichael's resentencing hearing.  We affirm.

I.

On May 28, 2005, McMichael pleaded guilty to a charge of conspiring to manufacture 1,000 or more marijuana plants in violation of 21 U.S.C. §§ 841 and 846.  Although he was subject to a twenty-year mandatory minimum sentence because of a 1970 felony drug conviction, McMichael was sentenced to imprisonment for 204 months—seventeen years—on June 23, 2008.  This sentence reflected a downward departure as permitted under 18 U.S.C. § 3553(e) based on "substantial

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

assistance" to the government in prosecuting another individual. This Court affirmed the sentence on direct appeal. *United States v. McMichael*, 377 F. App'x 529 (6th Cir. 2010).

Subsequently, McMichael obtained an order vacating and expunging his 1970 felony drug conviction and moved to vacate and expunge his 2008 sentence, pursuant to 28 U.S.C. § 2255. Because McMichael's prior drug conviction had been vacated, the enhancement provision mandating a twenty-year minimum sentence was no longer applicable. The government and McMichael stipulated that as a result the mandatory minimum sentence had been reduced from twenty years to ten years. On January 4, 2012, McMichael was resentenced by the district court to a term of 150 months. Because the district court at resentencing did not give McMichael a downward departure based on substantial assistance, the 2012 sentence was 30 months—two and a half years—longer than the 120 months mandated by statute. It was, however, four and a half years shorter than the initial 2008 sentence.

On appeal, McMichael argues that the district court erred at resentencing by declining to reapply the downward departure based on substantial assistance. First, he argues that res judicata and law of the case doctrine precluded the district court from choosing not to apply the downward departure. Second, he argues that the sentence should be set aside for prosecutorial and judicial vindictiveness. Finally, he argues that his new sentence is procedurally and substantively unreasonable. We address these issues in turn.

II.

At his original sentencing hearing, the district court granted McMichael a downward departure for substantial assistance in prosecuting another defendant. At resentencing, however, the

district court determined that McMichael had not, in fact, provided substantial assistance to the government. McMichael therefore did not receive the same downward departure at resentencing. On appeal, McMichael argues that the factual determination regarding substantial assistance had been made at his first sentencing hearing, and the district court was barred by the law of the case doctrine from reconsidering the issue.

As a preliminary matter, the government argues that to the extent that McMichael argues that the district court should have granted a downward departure, this court has no jurisdiction to hear this appeal. We acknowledge that this Court has no authority to review a district judge's failure to depart below the statutory minimum so long as the sentencing court was aware that it had discretion to depart. *United States v. Tocco*, 306 F.3d 279, 295 (6th Cir. 2002). McMichael argues, however, that whether or not he provided substantial assistance is a predicate issue which should be reviewable on appeal. We agree. "[T]he propriety of the court's reconsideration of its prior finding" is reviewed for abuse of discretion. *E.E.O.C. v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Canada, Local No. 120*, 235 F.3d 244, 250 (6th Cir. 2000).

The law of the case doctrine posits that when a court decides an issue, "that decision should continue to govern . . . in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *E.E.O.C.*, 235 F.3d at 249 (internal quotations omitted). The law of the case doctrine, however, is not an "inexorable command," *id*. at 250, it guides a court's discretion but "it is not improper for a court to depart from a prior holding

if convinced that [the prior holding] is clearly erroneous and would work a manifest injustice," *id*. at 249.

With respect to issues traditionally within a trial court's discretion the law of the case doctrine is necessarily lenient: "The nature of the decision being reconsidered . . . also mandates giving the . . . court broad discretion . . . . Generally, a trial judge has broad discretion on evidentiary rulings because . . . [r]igorously applying the law-of-the-case doctrine would undercut the broad discretion that traditionally has been accorded a trial court." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990); *see also United States v. Williams*, 728 F.2d 1402, 1406 (11th Cir. 1984) (emphasizing the flexibility of the doctrine). As with evidentiary decisions, district judges are afforded broad discretion in sentencing decisions. *See Gall v. United States*, 552 U.S. 38, 59-60 (2007). While the doctrine exists in order to discourage relitigation of issues in a particular case, it cannot be applied rigidly, especially to matters in which district judges have wide discretion. The district court, at the first sentencing hearing, expressed skepticism regarding the "substantial" nature of McMichael's assistance. It granted the motion for substantial assistance, however, at the request of the government. At the second hearing, with the newly lowered mandatory minimum sentence, the government no longer believed the motion was warranted. Therefore, it was within the discretion of the district court to revisit its prior decision regarding McMichael's substantial assistance.[1]

---

[1]We note that it is not clear that the district court even had discretion to apply the prior substantial assistance decision without a motion from the government. 18 U.S.C. § 3553(e) "imposes the condition of a Government motion upon the district court's authority to depart." *Wade v. United States*, 504 U.S. 181, 185 (1992). The government did not renew its motion for substantial assistance, therefore, the court may not have had the authority to grant McMichael a downward departure for substantial assistance at resentencing.

The doctrine of res judicata is similarly inapplicable here. "The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (quoting *Federated Dep't Stores, Inc. v. Mottie*, 452 U.S. 394, 398 (1981)). Here, however, the resentencing is a continuation of the previous action. There is no "prior action" between the parties to consider. Res judicata therefore does not apply.

Because the district court did not abuse its discretion in determining that McMichael did not provide substantial assistance, McMichael's first claim fails.

III.

At McMichael's resentencing hearing, the government asked that McMichael receive the same sentence, 204 months, that had been imposed at his original sentencing hearing. This was a request for a sentence 84 months—7 years—above McMichael's new mandatory minimum. At McMichael's original sentencing he received a sentence three years shorter than the mandatory minimum of 240 months—20 years—because the government had moved for a downward departure on the basis of substantial assistance. McMichael now argues that the new sentence should be set aside for prosecutorial vindictiveness based on the government's failure to move for a downward departure. We review this question of law de novo.

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional."

*Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (citing *North Carolina v. Pearce*, 395 U.S. 711,

738 (1969) (opinion of Black, J., concurring in part and dissenting in part)) (internal quotations and

citations omitted). However, "the Due Process Clause is not offended by all possibilities of

increased punishment . . . but only by those that pose a realistic likelihood of vindictiveness."

*Blackledge v. Perry*, 417 U.S. 21, 27 (1974) (internal quotations omitted). "A defendant alleging

prosecutorial vindictiveness must show either actual vindictiveness or a realistic likelihood of

vindictiveness." *United States v. Roach*, 502 F.3d 425, 443 (6th Cir. 2007) (internal quotations and

citation omitted). There is no evidence of actual vindictiveness in this case. Therefore, McMichael

must show a realistic likelihood of vindictiveness. A realistic likelihood of vindictiveness is shown

by demonstrating a prosecutor's "stake in deterring the exercise of a protected right" and the

unreasonableness of the prosecutor's conduct. *Id*. (quoting *United States v. Poole*, 407 F.3d 767, 774

(6th Cir. 2005)); *see also United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980). McMichael

is unable to make this showing.

Even if McMichael could demonstrate the government's "stake" in this case, he cannot show

that the prosecutor acted unreasonably. It is evident from the record that the prosecutor felt

McMichael's newly expunged 1970 felony conviction should be taken into account at resentencing

and therefore did not believe McMichael's sentence should be reduced any further:

> [PROSECUTOR]: Now, what I'm trying to get across, Judge, is that even though the
> guideline range here is the statutory minimum of 120 months, there are good reasons
> not to impose a sentence of 120 months. A sentence of 120 months would be
> required of a defendant in Mr. McMichael's position who had not been arrested at all
> in 1970. But Mr. McMichael was arrested in 1970, served a term of imprisonment.
> He was clearly—he admits he was involved with marijuana. He is just denying now
> that his conviction was validly imposed.

McMichael argues that the prosecutor's failure to seek a downward departure for substantial assistance demonstrates that he was acting vindictively. However the transcript makes it clear that the prosecutor believed that the new statutory minimum was too low given McMichael's admissions to the 1970 activity—an argument which is entirely permissible and reasonable at sentencing. *See United States v. Watts*, 519 U.S. 148, 154-56 (1997); *United States v. Milton*, 27 F.3d 203, 208-09 (6th Cir. 1994) (holding that a sentencing court may consider all relevant offenses during sentencing including conduct for which a defendant has been acquitted). In the prosecutor's view, the statutory minimum had been lowered but no relevant facts had changed about McMichael since the first sentencing hearing. Given that the prosecutor made clear his belief that the new statutory minimum was not appropriate, he was not unreasonable to request, based on the 1970 offense, that a sentence identical to the original sentence be imposed. A prosecutor has discretion to determine when to move for a downward departure based on substantial assistance, subject only to constitutional limitations. *Wade*, 504 U.S. at 185-86. If the prosecutor did not believe McMichael deserved a lower sentence he was not unreasonable to decline to renew the motion for a downward departure. Because McMichael cannot demonstrate unreasonableness he has failed to show a realistic likelihood of vindictiveness.

IV.

McMichael also argues that the district court's refusal to grant a downward departure based on substantial assistance violated his Fifth Amendment due process rights because it had the appearance of judicial vindictiveness. This argument also fails. A presumption of judicial

vindictiveness does not arise when a defendant is resentenced to an equal or shorter term than the original sentence. *United States v. Rodgers*, 278 F.3d 599, 604 (6th Cir. 2002). In 2012 McMichael was sentenced to 150 months, a reduction from his original 204 month sentence. Therefore no presumption of judicial vindictiveness arises in this case.

V.

Finally, McMichael argues that the sentence imposed by the district court was procedurally and substantively unreasonable. We review both issues under the abuse of discretion standard. *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009).

A.

McMichael argues that the sentence was procedurally unreasonable because the district court failed to consider his substantial assistance and improperly focused on the harmful effects of marijuana. A sentence is procedurally unreasonable "if it is marked by significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51) (internal quotations omitted).

The district court had no obligation to give McMichael a downward departure for substantial assistance. As noted above, the district court was not bound by its prior decision. The court discussed the issue during the resentencing hearing, stated that it did not feel that McMichael's assistance was "substantial," and noted that it had no authority to grant the departure without a government motion. We find no abuse of discretion here.

Furthermore, the district judge did not rely on clearly erroneous facts in his characterization of the harmful effects of marijuana. Congress has classified marijuana as a Schedule I controlled substance under the Controlled Substances Act. *See* 21 U.S.C. § 812(c). "Schedule I drugs are categorized as such because of their high potential for abuse, lack of any accepted medical use, and absence of any accepted safety for use in medically supervised treatment." *Gonzales v. Raich*, 545 U.S. 1, 14 (2005). While the parties agree that there are disputes regarding the impacts of marijuana, those disputes are not sufficient to find that the district court relied on plainly incorrect facts in sentencing McMichael.

### B.

McMichael also argues that the new sentence is substantively unreasonable. "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor . . . . For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 510, 512 (6th Cir. 2008) (internal quotations, alterations and citations omitted).

We do not find that the district court abused its discretion by imposing a 150-month sentence. McMichael argues that "[t]he existence of a 120 month mandatory minimum sentence necessarily reflects a legislative finding that a 120 month sentence adequately reflects the seriousness

of the offense and provides just punishment."  One hundred twenty months, however, is only the minimum sentence and does not provide for "just punishment" in all circumstances.  When taking into account the § 3553(a) factors, a district court has discretion to enhance the sentence above the mandatory minimum to account for the circumstances of a particular crime.  *Gall*, 552 U.S. at 59-60.

Here, the district court gave sufficient justification for imposing a sentence above the minimum.  The court noted that, unlike McMichael's co-defendants who received lower sentences, McMichael was the leader of the organization distributing marijuana.  The court also took note of the fact that the marijuana at issue was particularly potent, that McMichael made a "whole lot of money" from the enterprise, and that McMichael returned to illegal drug sales after receiving a pardon on a previous drug crime.  The court also considered the stable family life in which McMichael was raised.

On abuse-of-discretion review, we will give "due deference to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Vowell*, 516 F.3d at 512 (quoting *Gall*, 552 U.S. at 59-60)(alterations omitted).  The district court gave adequate consideration to the § 3553(a) factors to justify a sentence 30 months above the Guidelines range.

VI.

For the foregoing reasons, the sentence imposed by the district court is affirmed.