RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0232p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　　　　　　*Plaintiff-Appellee/*
　　　　　　　*Cross-Appellant,*

　　　　　　　　　　　　　　　　Nos. 05-4215/4337

*v.*

HERMAN E. GARNER, III,

　　　　　　　*Defendant-Appellant/*
　　　　　　　*Cross-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 01-00321—David D. Dowd, Jr., District Judge.

Argued: April 25, 2007

Decided and Filed: June 20, 2007

Before: SILER and GILMAN, Circuit Judges; ZATKOFF, District Judge.[*]

---

## COUNSEL

**ARGUED:** K. Scott Hamilton, DICKINSON, WRIGHT, Detroit, Michigan, for Appellant. Samuel A. Yannucci, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee. **ON BRIEF:** Katherine L. MacPherson, DICKINSON, WRIGHT, Grand Rapids, Michigan, for Appellant. Samuel A. Yannucci, ASSISTANT UNITED STATES ATTORNEY, Akron, Ohio, for Appellee. Herman E. Garner III, Lisbon, Ohio, pro se.

---

## OPINION

---

ZATKOFF, District Judge. In 2003, Garner was convicted by a jury of conspiracy to distribute cocaine and sentenced to a statutory mandatory minimum sentence of 120 months because of a sentencing enhancement due to a previous felony drug conviction. After this Court affirmed Garner's conviction and sentence and Garner filed a petition for writ of certiorari, the case was remanded to the district court for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court sentenced Garner to 96 months imprisonment. Garner again

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

appeals his conviction and sentence and the Government appeals the sentence of 96 months. We VACATE the judgment of the district court and REMAND the case for re-sentencing consistent with the conclusions set forth herein.

**I.**

On November 2, 2001, a jury convicted Garner of (1) "conspiracy to distribute and to possess with the intent to distribute, and distribute, cocaine . . . ," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (the felon-in-possession charge is not at issue in this appeal). The jury also completed a Special Verdict form for Garner, wherein it concluded that the amount of cocaine involved in the conspiracy was at least 500 grams (½ kilogram) but less than 5 kilograms. After conducting sentencing hearings, the district court found that Garner was responsible for 2 to 3.5 kilograms of cocaine, giving Garner a Base Offense Level of 28. The district court also concluded that Garner had a Criminal History Category of II and determined that the Guideline range was 87 to 108 months. As the Government had filed a sentencing enhancement for a previous felony drug conviction pursuant to 21 U.S.C. § 851 prior to trial, however, the district court imposed the statutory minimum sentence of 120 months pursuant to 21 U.S.C. §841(b)(1)(B).

On January 27, 2004, this Court denied Garner's appeal of his convictions, affirmed the district court's decision to sentence Garner to 120 months of imprisonment and concluded that the district court's attribution of at least 2 kilograms of cocaine to Garner was not clearly erroneous. *United States v. Forest*, 355 F.3d 942 (6th Cir. 2004). Garner's petition for rehearing by the Court was denied on March 25, 2004.

On May 4, 2004, Garner filed a petition for writ of certiorari with the U.S. Supreme Court, wherein he appealed both his conviction and his sentence. While the petition was pending, the Supreme Court issued *Booker*. The Supreme Court then vacated the judgment and remanded this case to the Court "for further consideration in light of" *Booker*. On February 17, 2005, the Court remanded this case to the district court "for re-sentencing pursuant to the opinion of the Supreme Court" in *Booker*.

After both parties submitted written sentencing memoranda, a hearing was held on May 31, 2005, at which the district court asked:

> What is the statutory penalty under provisions of the United States Code, and applicable imprisonment range under the U.S. Sentencing Guidelines, where: (1) the defendant is found guilty in a multi-defendant cocaine conspiracy alleging 500 grams or more; (2) the jury's special verdict finds only the amount of cocaine involved in the overall conspiracy (500 kilograms to 5 kilograms) as opposed to particularized findings with respect to the amount of cocaine attributable to the individual defendants; and (3) the defendant contests the amount of cocaine attributable to him?

The parties then briefed that issue. Garner maintained that his crimes yielded a Base Offense Level of 12 because there was "an indeterminate amount of cocaine." The Government argued that re-sentencing was governed by *Harris v. United States*, 536 U.S. 545 (2002), and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which required imposition of the enhanced mandatory minimum sentence of 120 months. The district court rejected both positions. On August 31, 2005, the district court ruled that it would sentence Garner within the advisory Guideline range of 87-108 months, relying on "the principles of sentencing lenity" that the district court believed should apply

in this case. On September 8, 2005, the district court sentenced Garner to 96 months of imprisonment.

Garner, initially proceeding in *pro per*, again appealed his conviction and sentence. He also alleges a Fourth Amendment violation and raises six claims of ineffective assistance of counsel. The Government also appeals the sentence imposed by the district court on remand. After the parties filed their initial briefs, this Court assigned Garner counsel for the purpose of filing a brief specifically addressing the propriety of Garner's conviction and sentence.

## II.

Garner's conviction was not overturned by either this Court or by the Supreme Court. The only issue for the district court on remand was to re-sentence Garner in light of *Booker*. In this appeal, however, Garner has set forth a number of claims that should have been raised at the time of his original appeal, if at all. Garner's claims of ineffective assistance of counsel and the Fourth Amendment violation were not presented to the district court during the original proceeding, nor did he raise them before the district court upon re-sentencing in 2005. To the extent that Garner seeks to argue for the first time on this appeal his claims of ineffective assistance of counsel and Fourth Amendment claims, such claims are not well-taken. *See Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) ([T]he general rule is that this court will not consider issues not raised in the district court."). The Court will not review an issue for the first time on appeal unless it involves an "exceptional case" or "particular circumstances" where a "plain miscarriage of justice" would occur. *United States v. Pickett*, 941 F.2d 411, 415 (6th Cir. 1991). In addition, the Court typically declines to review ineffective assistance of counsel claims that are raised for the first time on appeal because appellate courts are not equipped to resolve factual issues, *United States v. Humphrey*, 287 F.3d 422, 453 (6th Cir. 2002).

In this case, Garner has not demonstrated that there are exceptional circumstances demonstrating why the Fourth Amendment and ineffective-assistance-of-counsel issues were not raised previously or how a miscarriage of justice would result if not considered at this time. In addition, to the extent that the record at any time has contained the information upon which a reviewing court could evaluate Garner's claims, *see Humphrey, supra*, such record is not before us. Accordingly, we decline to review Garner's claims of ineffective assistance of counsel and Fourth Amendment violations on this appeal.

## III.

Garner argues that the jury made no determination of the amount of cocaine attributable to him personally. Pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (and *Booker* and *Blakely v. Washington*, 542 U.S. 296 (2004)), he argues that the quantity of drugs attributable to him in the conspiracy is now considered an element of a violation of 21 U.S.C. § 841(b)(1)(A) and (B) that must be proven beyond a reasonable doubt. As such, Garner argues that his conviction should be overturned. *See United States v. Gonzalez*, 420 F.3d 111, 125-27 (2d Cir. 2005).

First, this Court has already affirmed Garner's conviction and his conviction was not at issue when this matter was remanded to the district court in 2005. Second, it should be noted that Garner is not technically appealing his conviction. Although Garner states that he is appealing his conviction, he does not construct an argument that challenges the fact that he was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Rather, Garner's challenge is the propriety of the district court making a finding as to the amount of cocaine attributable to him such that it affects the penalty to which he is subject pursuant to 21 U.S.C. §841(b). For the reasons stated below, we need not consider the merits of that argument.

### IV.

The Court reviews legal determinations regarding sentencing *de novo*. *United States v. Canestraro*, 282 F.3d 427, 431 (6th Cir. 2002). Garner asserts that in the post-*Booker* era, the Sixth Amendment dictates that unless the drug quantity used to sentence him is submitted to a jury and determined beyond a reasonable doubt, the only quantity of drugs that can be attributed to him is an indeterminate amount. Garner therefore argues that because the jury did not specifically attribute an amount of cocaine to him, the district court erroneously failed to conclude that he has been convicted of conspiring to distribute an indeterminate amount of cocaine. Garner asserts that his Base Offense Level is 12 and his guideline range should be 12 to 18 months of imprisonment based on that indeterminate amount.

On the other hand, the Government contends that the district court erred when re-sentencing Garner to 96 months of imprisonment. The Government argues that the district court previously had determined that 2 to 3.5 kilograms of cocaine was attributable to Garner, that this Court had upheld that finding and that such findings should not been disturbed on remand. The Government argues that *Booker* did not address the use of judge-found facts to increase the statutory mandatory minimum sentence, and the Government asserts that *Harris v. United States*, *supra*, governs this case. The Government therefore asserts that the mandatory minimum sentence of 120 months originally imposed by the district court was appropriate and should be reinstated.

We conclude that both parties overlook the critical fact of the jury's findings in this case. Although the district court stated that "[t]he amount of cocaine attributable to Garner exceeded 500 grams [w]as determined by the Court, but not the jury," the record reveals that the question of the drug quantity attributable to Garner actually was submitted to the jury and was determined beyond a reasonable doubt. As the Verdict states, the jury convicted Garner of "conspiracy to possess with intent to distribute, and distribute, cocaine as charged in the indictment." In addition, the jury completed a separate but substantively identical Special Verdict form for each of the three defendants (including Garner), wherein the jury was asked to determine how much that defendant was guilty of conspiring to distribute. Specifically, the completed Special Verdict for Garner states:

> We, the jury, having been duly impanelled [sic] and sworn, and having found the defendant HERMAN GARNER, III guilty of conspiracy to distribute and possess with the intent to distribute cocaine, a Schedule II Controlled Substance, do further find that the amount of cocaine involved in the conspiracy was: (please check only one of the following)
>
> _____          5 kilograms or more of cocaine;
>
> \_\_✓\_\_          500 grams (½ kilogram) but less than 5 kilograms of cocaine;
>
> _____          less than 500 grams (½ kilogram) of cocaine.

Although the jury reached an identical verdict for each of the other two defendants, it was not bound to find that each of the trial defendants conspired to distribute the same amount. The fact that there was a separate Special Verdict form for each defendant demonstrates as much. Accordingly, the jury, not the district court, determined, beyond a reasonable doubt, that Garner conspired to distribute cocaine and the quantity of cocaine Garner conspired to distribute was at least 500 grams.

The jury's findings, together with the sentencing enhancement for a prior felony drug conviction filed by the Government prior to Garner's trial, place Garner squarely within 21 U.S.C. § 841(b)(1)(B)(2), *i.e.*, he faces a mandatory minimum sentence of 120 months of imprisonment and

a maximum sentence of life.[1] The fact that the district court thoroughly explained how it determined that Garner was responsible for 2 to 3.5 kilograms of cocaine in furtherance of the conspiracy when imposing the original sentence; the fact that this Court affirmed the district court's finding of the amount attributable to Garner; and the fact that the district court thought that it (and not the jury) determined that Garner conspired to distribute at least 500 grams of cocaine, are irrelevant.

For the foregoing reasons, the Court concludes that the district court erred in sentencing Garner to a term of 96 months of imprisonment.

**V.**

The Court accordingly VACATES the judgment of the district court and REMANDS this case to the district court for the purpose of sentencing Garner to a term of imprisonment of at least 120 months.

---

[1] 21 U.S.C. § 841(b)(1)(B) provides that a person who violates 21 U.S.C. § 841(a)(1) where the violation involves 500 grams or more of cocaine shall be sentenced to a term of imprisonment of at least 5 years and not more than 40 years; provided, that in the event the person commits such violation after a prior conviction for a felony drug offense which has become final, the person shall be sentenced to a term of imprisonment of at least 10 years and not more than life imprisonment.