NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0319n.06

Case No. 13-3645

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 24, 2014*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| SONTAY T. SMOTHERMAN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: MERRITT, COOK, and DONALD, Circuit Judges.

COOK, Circuit Judge. Following a jury trial, Sontay Smotherman appeals his convictions and sentence for drug trafficking and firearm charges, challenging the sufficiency of the evidence, pretrial rulings concerning conspiracy evidence and an undisclosed confidential informant, and the drug-quantity determination at sentencing. We AFFIRM.

I.

Smotherman's charges stem from the Columbus Police Department's investigation of a suspected narcotics-trafficking residence at 401 Taylor Avenue in fall 2011. After observing known heroin users frequent the residence, police obtained a warrant and searched the house. They found Smotherman in the garage near a pile of cash and a box containing two handguns, drug paraphernalia in a bedroom, 800 individual packets of heroin (approximately 25 grams) in

the kitchen microwave, and more than $6,000 in a car behind the house. A second superseding indictment charged Smotherman with possessing heroin with the intent to distribute in violation of 21 U.S.C. § 841; possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c); and conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846.

Prior to trial, Smotherman unsuccessfully moved to suppress evidence obtained from a different drug house, 823 West Rich Street, and to compel the disclosure of a confidential informant. At the close of evidence, the district court denied Smotherman's motion for a judgment of acquittal, and the jury convicted Smotherman of the above charges. At sentencing, Smotherman renewed his objection to the drugs found at 823 West Rich Street, but the district court included them as part of the larger drug-trafficking conspiracy, sentencing Smotherman to consecutive 60-month terms for the firearm and drug-possession charges—both statutory minimums—for a combined sentence of 120 months. *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(B)(i). Smotherman timely appeals.

II.

*A. Sufficiency of the Evidence*

We review Smotherman's sufficiency-of-the-evidence challenges under the *Jackson* standard, affirming so long as the evidence, viewed in the light most favorable to the government, permits a rational juror to find the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Ramirez*, 635 F.3d 249, 255 (6th Cir. 2011). The evidence here supported each conviction.

Beginning with the drug-trafficking convictions, Smotherman claims that the government proved neither his participation in a heroin-distribution conspiracy nor his possession of heroin.

He specifically denies having anything to do with 823 West Rich Street. But coconspirator testimony established the following key facts: (1) Smotherman and his cousin agreed to sell heroin at 401 Taylor Avenue; (2) Waymon Price supplied the heroin from his stash house at 823 West Rich Street; (3) Price's driver, Bryan Johnson, made frequent visits—almost "every other day"—to 401 Taylor Avenue for heroin deliveries and cash pickups involving Smotherman; and (4) Johnson observed Smotherman selling heroin to customers. (R. 259, Trial Tr. (Johnson) at 74–75, 104–11, 122–23; *id.* (Arnett Smotherman) at 164–71.) In all, Johnson made 15 to 25 trips to 401 Taylor Avenue between September and October 2011, supplying an estimated 100–200 grams of heroin. (*See id.* (Johnson) at 105–111, 123.) The evidence thus demonstrates more than a mere buyer-seller relationship; multiple parties agreed to distribute heroin out of 401 Taylor Avenue, and Smotherman actively participated in the conspiracy. *See United States v. Deitz*, 577 F.3d 672, 680–81 (6th Cir. 2009) (explaining that frequent, similar drug transactions can establish a larger drug-distribution conspiracy). It matters not whether Smotherman knew about the 823 West Rich Street supply chain. *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir. 2001) ("While an agreement must be shown beyond a reasonable doubt, the connection between the defendant and the conspiracy need only be slight, and the government is only required to prove that the defendant was a party to the general conspiratorial agreement.").

The same evidence supports the possession count. Though police found three other people in the house, coconspirators' accounts of Smotherman's frequent drug transactions at 401 Taylor Avenue sufficed to establish both constructive possession of the heroin found in the kitchen microwave and intent to distribute. *See United States v. Newsom*, 452 F.3d 593, 608–09 (6th Cir. 2006) (explaining that "constructive possession . . . exists when a person . . . knowingly has the power and the intention at a given time to exercise dominion and control over an object,"

and "may be proven by either direct or circumstantial evidence"). The fact that Smotherman's coconspirators pleaded guilty does not undermine the legal significance of their testimony, especially in light of the corroborating physical evidence. *See, e.g.*, *United States v. Cruz*, 270 F. App'x 393, 395–96 (6th Cir. 2008) (per curiam) (explaining that even uncorroborated accomplice testimony can support a conviction).

Turning to the firearm conviction, Smotherman emphasizes the lack of physical evidence directly linking him to the boxed handguns found at 401 Taylor Avenue, as well as the fact that he could legally possess firearms prior to his conviction. But he concedes that Johnson testified that he carried or wore a gun on his person during drug transactions. (R. 259, Trial Tr. (Johnson) at 106–10.) And the government points to other coconspirator testimony corroborating this fact. (*Id*. (Arnett Smotherman) at 176.) Ample evidence thus supported the jury's conclusion that he used a firearm to "promote or facilitate" a drug-trafficking crime, as necessary for conviction under 18 U.S.C. § 924(c). *See United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001).

B. *Admissibility of 823 West Rich Street Evidence*

Smotherman next faults the district court for allowing evidence of the heroin distribution occurring at 823 West Rich Street, reiterating that he had nothing to do with that location. We find no abuse of discretion. *See United States v. Lopez-Medina*, 461 F.3d 724, 741 (6th Cir. 2006).

Again, the government needed to establish the existence of a drug-trafficking conspiracy, not just a buyer-seller relationship. It did this by presenting evidence of a distribution agreement between the heroin supplier at 823 West Rich Street and the downstream sellers at 401 Taylor Avenue—as noted above, Johnson's frequent heroin and cash runs, delivering heroin from Price to Smotherman and returning with money. Moreover, Smotherman's cousin, with whom he

agreed to sell drugs, packaged heroin at both locations. (R. 259, Trial Tr. (Arnett Smotherman) at 171–73.) Thus, whether or not Smotherman knew of the activities at 823 West Rich Street, the evidence concerning the stash house was relevant to—and highly probative of—the conspiracy charge. *See* Fed. R. Evid. 401(a) ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence."); *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (noting Rule 401's "extremely liberal" relevance standard); *see also United States v. Schultz*, 855 F.2d 1217, 1221 (6th Cir. 1988) (acknowledging the chain-like design of many drug conspiracies, and concluding that "[i]t is not necessary to prove that the defendant was aware of each act of his coconspirators in furtherance of the conspiracy"). Given his frequent dealings with the residents of 823 West Rich Street, we discern no risk of unfair prejudice to Smotherman from the admission of this evidence, let alone one substantially outweighing its probative value. *See* Fed. R. Evid. 403.

## C. *Undisclosed Confidential Informant*

Next, Smotherman claims that the district court abused its discretion in denying disclosure of a confidential informant he believes "provide[d] the basis for the case against [him]." Yet, other than his speculation that the informant participated in drug transactions and "may disclose entrapment or other issues," Smotherman fails to demonstrate the importance of the confidential informant to either the government's trial strategy or his defense.

Courts will order the disclosure of a confidential informant only upon a showing that it "is essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). Because "[m]ere conjecture or supposition" will not do, *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (quoting *United States v. Gonzales*, 606 F.2d 70, 75 (5th Cir. 1979)), the district court properly denied Smotherman's motion.

D.  *Sentencing:  Drug-Quantity Determination*

Last, Smotherman assigns clear error to the district court's drug-quantity calculation at sentencing, asserting that it improperly included drugs from the stash house in determining that his crimes involved more than 100 grams of heroin.  The jury's verdict forecloses this argument, in that it found Smotherman guilty of participating in a drug-trafficking conspiracy involving 100 grams or more of heroin.  Johnson's estimated total deliveries to 401 Taylor Avenue supported this conclusion.  The district court therefore "c[ould not] ignore the jury's findings as to drug quantity."  *United States v. Ricketts*, 317 F.3d 540, 545 (6th Cir. 2003).  Because the jury's finding necessitated the 60-month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(i), we reject Smotherman's drug-quantity argument.  *See United States. v. Garner*, 491 F.3d 532, 536–37 (6th Cir. 2007) (concluding that the jury's drug-quantity determination, and not the district court's calculation, triggered the statutory minimum sentence).

III.

We AFFIRM.