RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0215p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 13-1626

TYRONE QUENTIN JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 1:11-cr-20767—Thomas L. Ludington, District Judge.

Decided and Filed: August 29, 2014

Before: BOGGS, CLAY, and GILMAN, Circuit Judges.

———————————

**COUNSEL**

**ON BRIEF:** Robert A. Betts, Caro, Michigan, for Appellant. Janet L. Parker, UNITED STATES ATTORNEY'S OFFICE, Bay City, Michigan, for Appellee.

———————————

**OPINION**

———————————

BOGGS, Circuit Judge. Tyrone Johnson was charged with a drug offense by the State of Michigan. After he declined the state's plea offer, the state dismissed the charges, and a federal grand jury later indicted him. Johnson was charged with and convicted of five drug-related offenses: conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; possession of heroin with the intent to distribute, in violation of § 841(a)(1); distribution of heroin, also in violation of § 841(a)(1); use of a communication facility to facilitate the drug conspiracy, in violation of § 843(b); and use of a residence for the purpose of distributing heroin, in violation of

1

§ 856(a)(1).  Johnson's only claim on appeal is that he was deprived of effective assistance of counsel in the state plea negotiations that preceded his federal prosecution, and that, as a result, the federal indictment against him should have been dismissed.  Johnson analogizes his case to *United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006), in which a panel of this court held that dismissal of the federal indictment was proper where state counsel was ineffective and "the United States Attorney's Office made itself a party to the state court plea offer."  However, Johnson's case is not analogous to *Morris* because there is no indication that federal prosecutors were involved in his state-court case, nor is there any indication that Johnson's representation in his state plea negotiations was ineffective.  Accordingly, we affirm.

**I**

On October 3, 2011, Wayne Stockmeyer, an undercover FBI drug-task-force officer, arranged to purchase heroin from an individual named Daniel Huggard.  Huggard, unaware that Stockmeyer was an undercover agent, got into Stockmeyer's car and made a call to a person he called "Ty" to arrange the transaction.  Stockmeyer then drove with Huggard to a nearby residence and gave him $120 in marked bills to make the purchase.  Huggard entered the residence and emerged with 0.14 grams of heroin in hand.  Later that day, police obtained a search warrant and searched the residence, finding Johnson with the $120 in marked bills on his person and drugs and drug paraphernalia within reach.  The officers arrested Johnson, and he was subsequently charged in state court with a single count of distribution of less than 50 grams of a controlled substance.

Johnson rejected the state's plea offer.  The state dismissed the charge, and Johnson was then indicted federally, first in a one-count indictment for conspiracy to possess, with the intent to distribute, 100 grams or more of a mixture or substance containing heroin, in violation of 21 U.S.C. § 846, and then in a superseding indictment charging the five counts for which he was ultimately tried and convicted.  The day before jury selection was to begin, Johnson filed a motion to dismiss the superseding indictment on the ground that "defendant was denied effective assistance of counsel in the state court proceeding as defendant was not advised of the actual consequences of rejecting the state court plea offer as set forth in *US v. Morris*, 470 F3d 596 (6th Cir, 2006) [*sic*]."  In particular, though Johnson acknowledged that he "was advised by his state

defense counsel that if he refused to accept the tendered plea offer, that the case was going to be dismissed and the Federal Government would pick up the case," he claims that he was not advised "of his potential liability under the Federal statutes and/or sentence guidelines." Johnson's motion to dismiss followed an emergency motion to adjourn the jury trial, which "was largely predicated on a request to be able to secure the information that ultimately was presented with the Motion to Dismiss, including Mr. Johnson's affidavit." Following a hearing, the district court denied the motions on the following grounds:

> Respectfully, on the basis of the affidavit that we've been furnished, there is no predicate for suggesting that anything was misrepresented to the gentleman. His argument is simply that he needed more and extensive information about the federal prosecuting regime, a matter which isn't required by law.

> More importantly, there is no active involvement or any assertion of any active involvement of the prosecutorial arm of the federal government which is a necessary element under existing law. And respectfully, I deny each of the two motions.

On appeal, Johnson argues that the district court erred in failing to find (1) "that there was 'entanglement' of the federal prosecutor in the state plea process," Appellant's Br. at 27, and (2) that Johnson's counsel in the state proceedings was ineffective for "failing to discuss either the state or the federal penalties with him," Appellant's Br. at 31.

## II

We review the district court's factual findings for clear error and review its legal conclusions de novo. *United States v. Utesch*, 596 F.3d 302, 306 (6th Cir. 2010).

## A

In *Morris*, a panel of this court held that, under certain circumstances, a district court may dismiss a federal indictment to remedy a constitutional violation in related state-court proceedings. The court held that the defendant was deprived of the effective assistance of counsel where he was able to meet with his appointed counsel for only a few minutes in a public and crowded "bull pen" cell before having to decide whether to plead guilty, and where his counsel had not received complete discovery, was not aware of the defendant's criminal record, and was misinformed—and thus misinformed the defendant—about the federal guideline range

that the defendant would face if he rejected the state's plea offer. *See Fuller v. Sherry*, 405 F. App'x 980, 987 (6th Cir. 2010) (summarizing the holding in *Morris*). The court further held that dismissal of the federal indictment was appropriate to remedy the constitutional violation.

In contrast to *Morris*, when the federal government does not involve itself in state plea negotiations, dismissal of the indictment is not appropriate. In *United States v. McConer*, 530 F.3d 484, 487 (6th Cir. 2008), "[t]he State informed [the defendant] that if he pled guilty as charged, his case would not be referred for federal prosecution." McConer declined to plead guilty, the state dismissed its case, and a criminal complaint was filed against McConer by the federal government. *Ibid.* The court held that "dismissal of the federal indictment would not be an appropriate remedy in [McConer's] case because the federal government was not involved in any supposed violation." *Id.* at 494. The court distinguished *Morris* on that basis. *See id.* at 494–95.

## B

If the federal government were involved in the state plea process, there would also be a question of whether the defendant was deprived of effective assistance of counsel in those state proceedings.

As an initial matter, we note that "[i]neffective assistance claims are more properly raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, where the record regarding counsel's performance can be developed in more detail," than they are on direct appeal. *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). "This Court typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record." *Ibid.*

When we do nonetheless review an ineffective-assistance claim on direct appeal, we apply the two-part test first articulated in *Strickland v. Washington*, 466 U.S. 688, 687 (1984). "[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, the defendant must show that he was prejudiced by the deficient performance. *Ibid.* That is, the defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. Where the defendant chose not to plead guilty, he must establish a reasonable probability that, but for counsel's ineffective performance, he would have pleaded guilty. *See Yarbrough v. United States*, 51 F.3d 274 (6th Cir. 1995) (unpublished).

## III

### A

Here, the district court rejected Johnson's motion to dismiss after determining that federal prosecutors had not involved themselves in Johnson's case. At the district-court hearing, Assistant United States Attorney Janet Parker stated: "Not only was there no involvement by my office and I believe that I didn't even know who the defense attorney was, much less was there any discussion between us, nor do I know who the prosecutor was on the case." Johnson did not dispute that statement at the time that it was made, and he does not dispute it on appeal. Instead, he argues that federal involvement should be inferred from the fact that the Mid-Michigan Safe Streets Task Force, which was involved in the investigation of his case, is a joint law-enforcement effort involving the FBI, that he was told that he would not be prosecuted federally if he accepted the state's plea offer, and that "the federal prosecutor was working closely with the state prosecutor in fashioning an appropriate resolution of the state charges pending against Daniel Huggard, the task force informant who was to testify against Johnson." Appellant's Br. at 28.

First, the involvement of FBI agents in a joint federal-state law-enforcement task force is not the same as the involvement of the federal prosecutor. As the government points out, "FBI agents cannot negotiate plea agreements with defendants." Appellee's Br. at 26 (quoting *United States v. Marks*, 209 F.3d 577, 582 (6th Cir. 2000)). Second, *McConer* likewise involved a joint federal-state law-enforcement effort, Project Safe Neighborhoods, yet we expressly found no federal "entanglement" in the plea process in that case. Johnson suggests that the United States Attorney's Office must have told the state prosecutors that they would not prosecute Johnson, but there is no evidence whatsoever in the record to that effect. And unlike the plea agreement in

*Morris*, the rejected state plea agreement here nowhere referenced, let alone negated, the possibility of federal charges. Finally, even assuming that federal prosecutors were involved in having Huggard's state charges dismissed in exchange for his testimony, that would speak only to *Huggard's* possible rights under *Morris*, not Johnson's.

Because there is no evidence in the record that federal prosecutors were involved in Johnson's state plea negotiations, the district court did not clearly err in so finding. And in light of the lack of federal involvement, "dismissal of the federal indictment would not be an appropriate remedy." *McConer*, 530 F.3d at 494.

**B**

Even had federal prosecutors involved themselves in Johnson's state plea negotiations, there is no indication that Johnson's state counsel was ineffective. As Johnson concedes, "[t]here is scant evidence regarding the representation that was provided to Johnson at the state court level." Appellant's Br. at 18. For that reason alone, we would normally decline to consider his ineffective-assistance claim on direct appeal, leaving that claim for consideration on the merits once the record has been more fully developed. Here, however, his claim of error fails even without a showing of federal "entanglement," so we will decide the case as a matter of law on that basis.

On appeal, Johnson does not claim that his counsel *mis*informed him, as was the case in *Morris*; rather, he claims that "[t]here was no evidence presented" that Johnson was 1) informed of his state sentencing-guidelines range, 2) advised that he would be a career offender under federal law, exposing him to a potential guideline range in federal court of 360 months to life in prison, 3) represented by an attorney in state court who was familiar with federal criminal practice, 4) given adequate time to make an informed decision about his plea agreement, or 5) represented by counsel who understood the strength of the case against him. Appellant's Br. at 22. In particular, Johnson apparently contends the he should have been offered a comparison between his guidelines sentencing range in state court and his likely range in federal court. *Id.* at 31.

First, the burden is on Johnson to show that his representation was ineffective. To say that there was "no evidence" that it *was* effective is essentially to concede that he has failed to discharge his burden. Second, to require state counsel to give a precise "compare and contrast" between state and federal law would be unreasonable, especially in this case. More importantly, as the government notes, it would have been impossible for Johnson's counsel to have predicted what federal charges would be brought against him and what further investigation into his criminal conduct would reveal. If counsel has a duty to inform Johnson of the possibility that federal charges might be brought, she discharged that duty in this case. To the extent that Johnson's ineffective-assistance claim is premised on the other alleged failures referenced above, he does not point to adequate evidence in the record to support his allegations.

**IV**

Because Johnson offers no evidence that federal prosecutors were involved in his state plea negotiations and because there is, in any event, no evidence that his counsel in the state proceedings was ineffective, we AFFIRM the district court's denial of Johnson's motion to dismiss the indictment.