NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0100n.06

No. 14-6448

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 18, 2016
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE |
| v. | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| RODNEY LYNN COOPER, | ) DISTRICT OF TENNESSEE |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

**BEFORE:  GILMAN, WHITE, and STRANCH, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.**  After a jury trial, Rodney Cooper was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), and was sentenced within the U.S. Sentencing Guidelines range to 120 months of imprisonment.  Cooper now appeals, raising only Sixth Amendment claims asserting that his trial counsel had a conflict of interest and that both trial and sentencing counsel were ineffective.  Because the record is not sufficient to review these claims, we **AFFIRM** Cooper's conviction without prejudice to the claims being asserted in a proceeding under 28 U.S.C. § 2255.

**I.**

Cooper's conviction arises out of the disappearance of a black Ruger .380-caliber pistol from Shylock's Pawn, a pawnshop and firearms dealer in Clinton, Tennessee.  Before the store opened at 9:00 AM, an employee removed the handgun inventory from a safe and placed the new handguns—including the Ruger, a light concealable pistol—in a display case near the front door.  Cooper entered the store at around 9:25 AM and pawned a Sony PlayStation 2.  Around

10:00 AM, a customer asked to see the Ruger, and the store's owner and an employee discovered it was gone. A review of surveillance video appeared to show Cooper leaning over the display case, reaching inside, and putting something in his right pocket. Shylock's Pawn alerted the police.

A federal grand jury indicted Cooper on one count of possession of a firearm by a felon. The court initially appointed counsel from the federal defender's office, but substituted Donny M. Young after the federal defender learned of a conflict. As the case progressed, Cooper filed two pro se motions to appoint new counsel. Each time, Cooper withdrew the motion after reconciling with Young. When plea negotiations failed, Cooper filed a third pro se motion for substitute counsel. The magistrate judge held a hearing and concluded, "[R]ight or wrong, perception or reality, I don't think Mr. Cooper trusts Mr. Young very far." R. 81, PID 610–11. The court appointed Brian J. Hunt to represent Cooper at trial.

The two-day trial began on February 11, 2013. The government called three witnesses from Shylock's Pawn and played a recording of a call Cooper made from jail in which he explained that he stole a starter pistol, not the Ruger. On cross-examination, Hunt sought to demonstrate that there were other opportunities for the Ruger to disappear and adduced testimony that Shylock's Pawn did not keep a written inventory of each firearm's physical location. The jury also heard testimony about the store's DVR surveillance system, which saved recordings from eight or nine cameras to a hard drive. Hunt elicited testimony that the store preserved only fifteen minutes of video from the day of the theft—the period when Cooper was in the store—and no footage of other store activity before and after that short time period. The defense called one witness: a private investigator hired by Hunt. In his brief testimony, the

investigator called into question the credibility of the store employee working the day the gun disappeared. The jury found Cooper guilty.

Before sentencing, Cooper filed a pro se motion to substitute counsel, alleging that Hunt had a conflict of interest. The magistrate judge held a hearing and excused the government before discussing the alleged conflict with Hunt and Cooper. Without making any findings about the conflict, the magistrate judge suggested that Hunt should not continue as counsel because an ineffective-assistance claim was likely. Hunt agreed, and the magistrate judge appointed Richard Gaines as substitute counsel. At sentencing, the district court denied Gaines's request for a downward variance and imposed a within-Guidelines sentence of 120 months of imprisonment.

## II.

On appeal, Cooper argues that Hunt and Gaines provided ineffective assistance, and that Hunt had a conflict of interest. Ineffective-assistance claims are mixed questions of law and fact reviewed de novo. *United States v. Ferguson*, 669 F.3d 756, 761–62 (6th Cir. 2012). The Sixth Amendment guarantees the right to effective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668, 686 (1984), and there is "a correlative right to representation that is free from conflicts of interest," *Wood v. Georgia*, 450 U.S. 261, 271 (1981). A defendant claiming ineffective assistance must show deficient performance and prejudice. *United States v. Johnson*, 765 F.3d 644, 647 (6th Cir. 2014). However, conflict-of-interest claims are generally subject to "a modified version" of the ineffective-assistance test, *Moore v. Mitchell*, 708 F.3d 760, 777 (6th Cir. 2013); prejudice is presumed if a defendant shows that an "actual conflict of interest adversely affected his lawyer's performance," *Cuyler v. Sullivan*, 446 U.S. 335, 348–50 (1980).

"As a general rule, this Court declines to rule on claims of ineffective assistance of counsel on direct appeal," *United States v. Detloff*, 794 F.3d 588, 594 (6th Cir. 2015), "because the record is generally inadequate to evaluate such a claim," *United States v. Foreman*, 323 F.3d 498, 502 (6th Cir. 2003), and "appellate courts are not equipped to resolve factual issues," *United States v. Garner*, 491 F.3d 532, 535 (6th Cir. 2007). However, we will review an ineffective-assistance claim "in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). In determining whether the existing record is adequate, we have declined review when "further exploration and findings of facts would be helpful" to "ensure the record is sufficiently developed before reaching an answer." *United States v. Ross*, 703 F.3d 856, 882 (6th Cir. 2012).

Cooper argues that Hunt had a conflict because a prior confrontation between Cooper's family and Hunt's law firm created an adversarial relationship. The only support for Cooper's claim is his own allegations, which he raised in unsworn colloquies with the court during sealed hearings outside the presence of the government. Although Cooper maintains that his allegations are unrebutted, the district court made no findings of fact. Because the conflict is not apparent from the existing record, we decline to resolve this claim. *See United States v. Hall*, 200 F.3d 962, 965–66 (6th Cir. 2000) (explaining that a defendant must point to specific instances of actual conflict in the record).

Regardless of any conflict, Cooper asserts that Hunt was ineffective at trial. First, Cooper contends that Hunt was ineffective because he failed to call an unnamed Shylock's Pawn employee. We have no basis to evaluate this claim because this potential witness is not discussed in the record. *See United States v. Sullivan*, 431 F.3d 976, 986–87 (6th Cir. 2005). Next, Cooper asserts that Hunt rendered ineffective assistance because he failed to: (1) object to

the admission of the surveillance footage; (2) object to the admission of the jail call or request a limiting instruction; and (3) point out inconsistencies in the testimony of the government's witnesses. The record is not sufficiently developed to determine whether Hunt's decision not to pursue these issues was deficient performance or a reasonable trial strategy. *See, e.g.*, *United States v. Wells*, 623 F.3d 332, 347–48 (6th Cir. 2010); *United States v. Caver*, 470 F.3d 220, 250 (6th Cir. 2006); *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002).

Cooper also argues that Gaines was ineffective because he failed to pursue Hunt's alleged conflict and exhibited general neglect. Without an adequate record to review Hunt's alleged conflict, we cannot review Cooper's claim that Gaines was ineffective.

Lastly, Cooper argues that the district court abused its discretion by failing to conduct an evidentiary hearing on Hunt's conflict, and requests a remand for that purpose in any event. The district court was not required to order an evidentiary hearing sua sponte before granting Cooper's pro se motion to replace Hunt. *Cf. United States v. Giorgio*, 802 F.3d 845, 850 (6th Cir. 2015). And although a remand for further exploration of a conflict-of-interest claim may be appropriate or even required in some circumstances, *see Wood*, 450 U.S. at 272–74; *United States v. Taylor*, 657 F.2d 92, 94 (6th Cir. 1981) (per curiam), we decline to remand in this case because the possibility of a conflict is not apparent from the record. Cooper may raise his conflict-of-interest and ineffective-assistance claims in a collateral challenge to his conviction under 28 U.S.C. § 2255. *See, e.g.*, *Detloff*, 794 F.3d at 595; *Ross*, 703 F.3d at 882.

For these reasons, we **AFFIRM** Cooper's conviction without prejudice to his right to bring his conflict-of-interest and ineffective-assistance claims in a timely proceeding pursuant to 28 U.S.C. § 2255.