NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0066n.06

No. 23-5136

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Feb 04, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY CARLOS WHIGHAM, | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |

Before: WHITE, READLER, and MATHIS, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant Anthony Whigham (Whigham) appeals his conviction of conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and the resulting sentence of 364 months in prison. He argues that there was insufficient evidence that he conspired to distribute methamphetamine and that the district court erred in attributing 7.383 kilograms of methamphetamine to him at sentencing.[1] We AFFIRM.

---

[1] Whigham was convicted of both conspiring to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l), 846, and aiding and abetting possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(l), 18 U.S.C. § 2. He states in his brief that "[t]he evidence presented at trial was insufficient to sustain the convictions." (Appellant Br., 18). But his Statement of the Issues for Review mentions only the conspiracy conviction, and his arguments address only this conviction, so we review the sufficiency of the evidence only as to this conviction. *See Kuhn v. Washtenaw County*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived."); *Clemons v. Couch*, 3 F.4th 897, 902 n.2 (6th Cir. 2021) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited." (citation omitted)).

**I.**

On August 9, 2021, after obtaining a search warrant, law enforcement officers intercepted four Priority Mail Packages, weighing approximately 7.5 kilograms and containing methamphetamine, that were shipped to a residence at Oatlands Park in Lexington, Kentucky, from California. The next day, again with a search warrant, law enforcement officers made a controlled delivery to the residence, together with an agent from the Postal Inspection Service, and searched the residence. Cloud, who lived at the residence, was present during the search. Cloud stated that the packages were for a man named "Sin Que," whom she later identified as Anthony Whigham.

Officers saw text messages between Cloud and Whigham on Cloud's phone and instructed her to text "Sin Que" and ask where he was. She did so, and within a few seconds, Whigham called her. Cloud told Whigham that the packages had arrived, and Whigham asked how many packages there were. She asked him to come get the packages, but he refused. Whigham then sent Cloud a text that said, "I can't believe you would set me up." (R. 152-6, PID 1037).

Following this encounter, the United States Postal Service captured the IP addresses that had tracked one of the four intercepted packages and multiple other packages on August 9 and 10, 2021. It did so by conducting a reverse IP address search to find the IP addresses that were tracking the parcels, and then issuing subpoenas to the IP addresses' internet carriers to obtain the subscriber information attached to those IP addresses. One of the IP addresses was linked to a phone number connected to Whigham's wife.

Law enforcement officers seized a total of 12.695 kilograms of methamphetamine from Cloud, of which they determined that 7.383 kilograms were attributable to Whigham based on a DEA chemist's determination that the methamphetamine in the packages intercepted on August 9th weighed 7.383 kilograms. A grand jury indicted Whigham for conspiring to possess with

intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l), 846, and aiding and abetting possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(l) and 18 U.S.C. § 2.

At trial, Whigham moved for judgment of acquittal at the close of the government's case for lack of sufficient evidence to convict him of either conspiracy or aiding and abetting possession with intent to distribute methamphetamine. The district court denied the motion. Whigham renewed his motion at the close of the evidence, and the district court again denied it. A jury convicted Whigham on both counts.

At sentencing, Whigham objected to a statement in his presentence report that he had been involved in a conspiracy to distribute methamphetamine. The district court overruled this objection, stating that it was "foreclosed by the jury's verdict in this matter." (R. 151, PID 1007). Whigham also objected to a statement that he was responsible for 7.383 kilograms of methamphetamine, arguing that the evidence at trial did not demonstrate that quantity. The district court overruled this objection as well. The district court sentenced Whigham to 364 months of imprisonment, a within-guidelines sentence. This appeal followed.

**II.**

This court reviews challenges to the sufficiency of the evidence de novo. *United States v. Howard*, 621 F.3d 433, 459 (6th Cir. 2010). It must determine whether, "after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007).

Whigham argues that the evidence against him was insufficient to sustain a conviction of conspiracy to distribute methamphetamine. To sustain a drug-conspiracy conviction, the government must establish "(1) an agreement to violate the drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." *Id.* These elements "may be shown by direct or circumstantial evidence." *Id.*

Evidence presented at trial demonstrated that Whigham had tracked the packages of methamphetamine that were delivered to Cloud's residence. A DEA chemist testified that the substances in those packages weighed 7.508 kilograms, which is roughly consistent with her later determination, and the district court's ultimate finding, that Whigham was responsible for 7.383 kilograms. Additionally, on the day the packages went out for delivery, Whigham sent Cloud text messages about the packages being out for delivery since 6:00 a.m. and the "plug bugging out," which a DEA Task Force Officer testified is a reference to the source of narcotics. (R. 137, PID 675; R. 138, PID 852).

Whigham's tracking of the packages and text messages to Cloud regarding the packages constitute circumstantial evidence of his knowledge that they contained methamphetamine. *See United States v. Jackson*, 55 F.3d 1219, 1226 (6th Cir. 1995) (finding that a defendant's interest in arrival of package was circumstantial evidence of his knowledge of the package's contents). Cloud testified that Whigham had previously picked up packages from her house that she believed contained methamphetamine. She further testified that the packages delivered through the controlled delivery on August 10, 2021 were supposed to be for Whigham. And after Cloud called Whigham following the controlled delivery, he texted her, "I can't believe you would set me up." (R. 152-6, PID 1037).

Accordingly, there was sufficient evidence for a rational juror to determine beyond a reasonable doubt that Whigham knowingly participated in a conspiracy to distribute methamphetamine.

**III.**

This court reviews a district court's determination at sentencing of the quantity of drugs involved in an offense for clear error. *United States v. Russell*, 595 F.3d 633, 646 (6th Cir. 2010). "At sentencing, the prosecution bears the burden of proving by a preponderance of the evidence the quantity of drugs involved in an offense." *Id.* Whigham asserts that the district court erred in holding him responsible for 7.383 grams of methamphetamine. We disagree.

A DEA chemist determined that the methamphetamine in the packages Whigham tracked weighed 7.383 kilograms. (R. 151, PID 1008). This is sufficient to determine by a preponderance of the evidence that Whigham was responsible for this quantity of drugs.

Whigham contends that the district court erred because the jury did not specifically find that he was responsible for 7.383 kilograms, and "facts that increase mandatory minimum sentences must be submitted to the jury." (Appellant Br. 23 (quoting *Alleyne v. United States*, 570 U.S. 99, 116 (2013)). A conspiracy involving 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine triggers a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A)(viii). And here, the jury *did* find that Whigham was responsible for over 500 grams of methamphetamine, as indicated on the verdict form. (R. 111, PID 519); *cf. United States v. Garner*, 491 F.3d 532, 536 (6th Cir. 2007) (holding that the jury found the drug amount needed to apply a mandatory minimum sentence by indicating it on the verdict form). Thus, the district court complied with *Alleyne*.

Whigham also asserts that he did not "handle or possess" the full amount of methamphetamine found in the packages delivered to Cloud's residence. (Appellant Br., 25). But there was sufficient evidence at sentencing both that he conspired to possess the full amount of drugs, subjecting him to "the same penalties" as one who actually possessed them, 21 U.S.C. § 846, and that he aided and abetted that offense, rendering him "punishable as a principal" for doing so. 18 U.S.C. § 2. And as the district court correctly noted, neither conspiracy nor aiding and abetting "require[s] that the defendant be shown to possess controlled substances or actually distribute[] those to another individual." (R. 151, PID 1019); *see also United States v. Colon*, 268 F.3d 367, 376 (6th Cir. 2001) ("[The defendant] did not have to distribute or possess any [drugs] to be guilty of the conspiracy."); *Gardner*, 488 F.3d at 709; *United States v. Paige*, 470 F.3d 603, 609 (6th Cir. 2006). So Whigham's lack of physical contact with the packages is irrelevant.

Accordingly, we find that the district court did not err in holding Whigham responsible for 7.383 kilograms of methamphetamine.

**IV.**

For the reasons set out above, we affirm.